IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NHOPHINIH KANTHAMIT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-1514-SLP |
| | ) |
| PAMELA BONDI et al., | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner Nhophinih Kanthamit, a noncitizen,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge Scott L. Palk referred the case to the undersigned magistrate judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). On December 19, 2025, Respondents were directed to file an answer, motion, or other response to the Petition (ECF No. 9). The Court received a Supplemental Notice and Response filed by Respondents on December 29, 2025, both indicating that the Petitioner was removed from the United States on or about Saturday, December 27, 2025. Specifically, that he was removed to the Lao People's Democratic Republic (Laos). (ECF No. 12 & 13). Petitioner did not file a reply. Because Petitioner is no longer in ICE custody and this Court can grant no relief to him, the undersigned recommends the Court **DISMISS** the Petition as moot.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr,* 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. 1101(a)(3)).

## I. FACTUAL BACKGROUND

Petitioner is an individual believed to be stateless who entered the United States in or around 1981 as an infant refugee and who later became a permanent resident. Petitioner was born in a Thai refugee camp to a mother of Laos origin. Petitioner lacks a valid passport or other evidence of citizenship in any country and is an alien with an administratively final removal order. At the time this matter was filed Petitioner was in custody at the Immigration and Customs Enforcement ("ICE") detention center in Kay County, Oklahoma. (ECF No. 1: 8-9). On December 4, 2025, Petitioner was "picked up and redetained by ICE at an ICE check in appointment." "Petitioner was never given any sort of informal interview to challenge the Notice of Revocation of Release that he was given." (ECF No. 1:13).

## II. PETITIONER'S CLAIMS AND PROCEDURAL HISTORY

Petitioner challenges his detention and seeks immediate release and reinstatement of his order of supervision. (ECF No. 1:24). When Petitioner verified his Petition on December 15, 2025, he was detained at the Kay County Detention Facility in Newkirk, Oklahoma. (ECF No. 1:13).

On December 19, 2025, Respondents' filed a Notice informing the Court that: (1) on or about December 16, 2025, three days before entry of the Court's Order (ECF No. 9), Mr. Kanthamit had been moved to the Chase County Jail in Cottonwood Falls, Kansas; and (2) the Federal Respondents intended to remove Mr. Kanthamit from the United States after at least 72 hours had passed from the filing of the Notice. (ECF No. 11). Mr.

Kanthamit was removed from the United States on or about Saturday, December 27, 2025. He was removed to the Lao People's Democratic Republic (Laos). (ECF No. 12)

Respondents conclude Petitioner is not "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). And because Petitioner was removed from the United States on or about Saturday, December 27, 2025, to the Lao People's Democratic Republic…"his case should be dismissed" as moot. (ECF No. 13:4-5)

Petitioner claims the government (1) violated his due process rights by detaining him for removal and (2) failed to follow its own regulations and violated the Administrative Procedures Act. Petitioner challenges his detention. He seeks his immediate release and reinstatement of his prior order of supervision. (ECF No. 1:13-26). He also seeks an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA). (ECF No. 1:27).

The undersigned has separately confirmed that Petitioner's location in ICE custody no longer appears on ICE's Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited January 8, 2026; searching 025-194-336/Laos).

### III.  STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through

habeas." *Soberanes v. Comfort,* 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996). "Because mootness is a matter of jurisdiction, a court may raise the issue *sua sponte.*" *Id.*

### IV.   ANALYSIS

The Petition was properly filed in this district because Petitioner was detained here at the time of filing. (ECF No. 1:8-9); *See Chan v. Bondi*, WDOK No. CIV-25-1412-JD, ECF No. 20, at *1 (Dec. 29, 2025) (finding the "in custody" requirement under 28 U.S.C. § 2241(c)(3) "is satisfied if a petitioner files the habeas petition while incarcerated") (citing *King v. Ciolli*, 2024 WL 1179909, at *2 (10th Cir. Mar. 19, 2024)). Further, the Petition was properly filed in this district due to his incarceration here. *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). But here, "the more substantial question . . . is whether petitioner's subsequent [removal] caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The answer is yes.

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Alvarez v. Smith,* 558 U.S. 87, 92 (2009) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). Thus, "if an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (*quoting Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477-478 (1990)). So a case is "moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc*. 1000, 567 U.S. 298, 307 (2012) (citation modified).

Petitioner has been removed to Laos and is no longer in ICE custody. "Once Respondents released [him] from their custody, he no longer had a redressable injury arising from his detention." *Chan*, ECF No. 20, at *3 (Dec. 29, 2025); see also *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (holding no "secondary or collateral consequences survive[d] [the petitioner's] deportation" and that an inability to return to the United States "stem[med] from his removal order, not his detention"). Thus, this action should be dismissed as moot. *See id.* (dismissing the habeas petition as moot).

**V.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons set forth above, the undersigned recommends that the Court **DISMISS** the Petition, (ECF No. 1), as moot because Petitioner has been removed to Laos and is no longer in ICE custody. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **January**

**15, 2026**, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[2] Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI.  STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on January 8, 2026.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

---

[2] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to seven days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker*, 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) (noting that "[t]he Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").